**HOLLOWAY et al. v. SKELLY OIL CO.**
No. 3561.

District Court, W. D. Missouri, W. D.
June 16, 1947.

See also 68 F.Supp. 129.

Chet Vance and Ira B. Burns, both of Kansas City, Mo., for plaintiffs.

C. A. Randolph, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This case was tried without the intervention of a jury. The plaintiffs, on the 29th of January, 1945, were the owners of a furnished house, and lot, at Lake Lotawana, in Jackson County, Missouri. On the afternoon of that date the house with furnishings was completely consumed by fire.

The plaintiffs complain that the fire was occasioned by the negligence of the defendant in the following particulars: That, prior to that date, defendant had been selling and delivering to the plaintiffs a product known as "Skelgas." This was a highly inflammable gas and was furnished by the defendant for heating and cooking purposes. To make said gas acceptable and usable for its customer the defendant had installed a tank or drum and other equipment for the distribution of said gas to the lower floor of the residence and supplied a gas cooking stove and a gas water heater. The ground where the house was located was uneven and there were two ground levels. The north side of the house was on the higher level and opened out toward a roadway. The lower floor of the house was on the south side and faced Lake Lotawana. There were several rooms in the upper floor as well as several rooms on the lower floor or the lake side.

For several months preceeding the fire the plaintiffs had lodged complaints with the defendant that there were defects in the drum or distribution system and that gas was escaping from the drum or tank supplied by the defendant. Because of these complaints, on the said 29th of January, the defendant undertook to repair the equipment, and, in doing so, supplied a new tank and changed its position by moving it approximately ten feet. A leak in the dis-

tribution system was discovered by the defendant's agents, and which leak they claimed to have repaired. After this was done, however, the odor of gas was distinct about the premises, but plaintiffs were assured by said agents that the repairs were effective and that the free gas would dissipate and that the odor would clear up.

The repair work was completed between 12:30 and 1 o'clock P. M. on said date and the employees of the defendant went away. The plaintiffs went about their employment and left their two young children in the care and custody of Elmer V. Holloway, a brother and brother-in-law of the plaintiffs. This witness discerned the odor of fire and a search disclosed that the southeast corner of the southeast room on the second floor level was in flames. The wall was covered with celotex, and an opening disclosed a blue flame being emitted from said hole. Water thrown on the flame appeared to intensify it and immediately upon the removal of the children from the lower floor the entire building collapsed. There was an open and rather wide air space from the distribution system of the defendant up to the point where the fire was discovered. Moreover, there was a large opening in the floor of the southeast corner at the point where the flame was discovered. This opening communicated with the air space running around the walls of the house down to the distribution system. While the evidence showed that the gas in question was heavier then air and would seek a lower level, yet there were witnesses familiar with the character of the gas and these testified that a draft created in the way suggested would draw the gas to a higher level and up through the opening as in this case.

A patrolman, formerly a deputy sheriff, who was on duty at the time, testified on behalf of the defendant. He said that he observed the fire between the walls in said southeast upper room, and that a blue flame was emitted through the opening. While the testimony showed that the gas in question, when unmixed with air, emitted a yellow flame, yet, when mixed with air, it would become blue precisely as the case of natural gas. There was no evidence of any other source of the fire.

A consideration of the evidence yields the inference that the gas escaping from the tank or distribution system of the defendant was responsible for the conflagration and that the defendant, through its agents, was negligent in permitting the gas to escape.

The evidence indicated that the personal property destroyed had an aggregate value of $6,497.42. The plaintiffs have sued, however, for $6,000. The real estate was valued at $7,500 at the date of the fire. It appears, however, that the lot had a value of $500 to $600. The loss of the plaintiffs on account of their buildings, therefore, would be $7,000 instead of $7,500.

The damages accruing to the plaintiffs would amount to $13,000 rather than $13,-500. In view of the above, the plaintiffs should have judgment against the defendant for said aggregate sum of $13,000.